UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MALA AMARSINGH,

                              Plaintiff,                    **MEMORANDUM and ORDER**

       — against —                                   07-CV-3775 (SLT)(MDG)

JETBLUE AIRWAYS CORP.,

                              Defendant.
-----------------------------------------------------------X

**TOWNES, United States District Judge:**

       By order dated October 23, 2008, this Court granted defendant JetBlue Airways Corp. permission to move for summary judgment in this action. Pursuant to a scheduling order dated November 24, 2008, as amended by orders dated January 9 and 28, 2009, defendant served its motion papers on plaintiff Mala Amarsingh in mid-December 2008. Plaintiff served her opposition papers on defendant in early February 2009.

       Although plaintiff's motion papers have not yet been filed with the Court, they apparently include declarations from plaintiff's husband, Thomas McNicholas, and from a union organizer, Danny Campbell (collectively, the "Declarations"). By letter dated February 13, 2009, defendant requests a pre-motion conference, seeking permission to move to "strike" specific portions of these Declarations on the ground that they do not conform to the requirements of Fed. R. Civ. P. 56(e). According to defendant, the objectionable portions contain hearsay, are not based upon personal knowledge, or are otherwise inadmissible.

       While it may have "become commonplace" – at least in some courts – "for parties to submit motions to strike during summary judgment," there is a dispute "as to whether parties can or should use motions to strike to challenge materials submitted in support of or opposition to summary judgment." *Martin v. Town of Westport*, 558 F. Supp. 2d 228, 230 (D. Conn. 2008).

Some courts in this Circuit have opined that motions to strike are only appropriately directed to pleadings and cannot be used to challenge evidence in support of, or in opposition to, a motion for summary judgment. *See id.*, at 231; *Ricci v. DeStefano*, No. 3:04 CV 1109 JBA, 2006 WL 2666081, at *2 (D. Conn. Sept. 15, 2006). Other courts have held that "[a] motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." *See*, *e.g.*, *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 395-96 (D. Conn. 2008) (quoting *Newport Elecs. Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001)).

Despite this conflict of authorities, there appears to be agreement that a party may raise Rule 56(e) objections to an adversary's submissions without making a formal motion. For example, after holding that a motion to strike is not authorized under Rule 56(e), the *Ricci* Court stated that "[i]f a party wishes to argue that an asserted material fact is not supported by the evidence, that party may do so in its summary judgment briefing." *Ricci*, 2006 WL 2666081, at *2. Similarly, while *Moore's Federal Evidence* states that a motion to strike is an appropriate vehicle for challenging evidence that does not conform to Rule 56(e), the treatise also notes that "[a] party is not required to make a formal motion" and may rely instead on a "timely objection that sets forth the ground for the objection[s]," 11 *Moore's Federal Practice* § 56.14[4][a] (Matthew Bender 3d ed. 2007).

This Court recognizes the possibility that defendant, faced with conflicting authorities, filed the instant pre-motion conference request to be certain that its Rule 56(e) challenges to portions of the Declarations would not be deemed procedurally defective. While defendant is free to seek permission to make a formal motion, it need not do so. If defendant wishes to make

a formal motion, however, defendant should amend its pre-motion conference request to address the issue of whether a motion to strike can be used to challenge evidence submitted in opposition to a motion for summary judgment on the ground that it does not conform to the requirements of Rule 56(e). If defendant elects instead to include its objections to the declarations in its reply papers, plaintiff may request permission to file a sur-reply to respond to those objections.

## *CONCLUSION*

If defendant still wishes to make a formal motion to strike portions of the declarations of Thomas McNicholas and Danny Campbell, defendant shall file an amended pre-motion conference request on or before February 25, 2009. If defendant elects to include its objections to these declarations in its reply papers, plaintiff shall have until March 4, 2009, in which to request permission to file a sur-reply to respond to defendant's objections.

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2009

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

3